# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

———————————

No. ACM 39277

———————————

**UNITED STATES**
*Appellee*

v.

**Michael S. HERRING**
Captain (O-3), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 19 April 2018

———————————

*Military Judge:* Mark Milam.

*Approved sentence:* Dismissal and confinement for 45 days. Sentence adjudged 3 May 2017 by GCM convened at Kirtland Air Force Base, New Mexico.

*For Appellant:* Major Patricia Encarnación Miranda, USAF; Major Rebecca J. Otey, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Mary Ellen Payne, Esquire.

Before HARDING, SPERANZA, and HUYGEN, *Appellate Military Judges*.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

PER CURIAM:

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred.* Articles 59(a) and 66(c), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.


FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

* Appellant notes that the military judge "determined it was not necessary to address" the Defense Motion for Appropriate Relief: Unlawful Pretrial Punishment regarding pretrial confinement after adjudging a sentence that included 45 days of confinement and granting credit of 49 days for pretrial confinement. *United States v. Zarbatany*, 70 M.J. 169 (C.A.A.F. 2011), provides that credit for illegal pretrial confinement may be applied to components of an adjudged sentence other than confinement, including a punitive discharge. Relief, however, "is not warranted or required where it could be disproportionate to the harm suffered or the nature of the offense." *Id.* at 170. Acknowledging that the military judge should have decided the motion and assuming arguendo that Appellant was entitled to credit under Article 13, Uniform Code of Military Justice, we find that a set aside of Appellant's dismissal would be disproportionate to the nature of Appellant's offenses and thus no prejudicial error.